McGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00033 WBS |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| WILLIAM LAMAR BLESSETT, | DATE: October 1, 2018 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on October 1, 2018.

2. By this stipulation, defendant now moves to continue the status conference until October 22, 2018, and to exclude time between October 1, 2018, and October 22, 2018, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes over 600 pages of discovery of investigative reports, Excel spreadsheets, images, and other materials, as well as numerous videos. The discovery also includes voluminous contraband materials, including thousands of image files and at least 50 video files. All of this discovery has been made available to defense counsel for inspection and copying. Initial review of this

discovery has prompted additional points of research and investigation. Counsel for defendant desires additional time to review this discovery, confer with his client, consult experts if necessary, and conduct related investigation and research in furtherance of defense preparation.

b) Defense counsel has represented that he continues to assess a competency evaluation. Defense counsel has represented that the competency issues in this case are particularly complex, and will require additional time to research, analyze and potentially pursue.

c) Defense counsel has recently been involved in several jury trials and other in-court commitments, which have occupied an unusual amount of time and attention. These include *United States v. Galloway*, 1:14-cr-114-DAD-BAM, *United States v. Stagno,* 2:17-cr-163-CKD, *United States v. Winn,* 2:17-cr-233-TLN, *United States v. Gasca Rojas,* 2:17-cr-177-JAM, and *United States v. Flucas,* 2:17-cr-209-KJM, which just concluded last week. Defense counsel has represented the defendant from indictment, represents the defendant in a related case, and has invested substantial time over the past few years conferring with this defendant. It would be extremely difficult for a substituted attorney to obtain the equivalent knowledge and experience relevant to this case, making continuity of counsel particularly significant.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 1, 2018 to October 22, 2018, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  September 26, 2018   McGREGOR W. SCOTT
United States Attorney

/s/ AMY SCHULLER HITCHCOCK
AMY SCHULLER HITCHCOCK
Assistant United States Attorney

Dated:  September 26, 2018   /s/ DOUGLAS J. BEEVERS
DOUGLAS J. BEEVERS
Counsel for Defendant
William Lamar Blessett

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  September 26, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE