PHILLIP A. TALBERT
United States Attorney
ROBERT J. ARTUZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-0033 WBS |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| WILLIAM LAMAR BLESSETT, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. In December 2019, a jury convicted Defendant William Lamar Blessett of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The defendant appealed that conviction. On April 11, 2022, the Ninth Circuit vacated the defendant's jury conviction and remanded it for re-trial. On May 3, 2022, the Ninth Circuit filed its formal mandate, ordering that its judgment entered on April 11, 2022, was now effective. Today, the mandate wase filed in this district court case. ECF 98. The Ninth Circuit also affirmed the Court's 24-month prison sentence for the defendant's supervised release violation and revocation, which was based on the same possession offense.

2. Today, the Court set a status conference for June 13, 2022.

3. By stipulation, the parties seek to exclude time between May 3, 2022, and the scheduled

status hearing on June 13, 2022, under 18 U.S.C. § 3161(e).

   4.  The parties also agree and stipulate, and request that the Court find the following:

    a)  Given defense counsel's obligations in his other criminal cases, he needs additional time to continue reviewing case materials, consult further with his client, and to conduct investigation and research related to the vacated jury conviction that is now subject to retrial.

    b)  Defense counsel and the government are also still in the process of evaluating a re-trial of the vacated jury conviction, which originally took place over two years ago, including trying to locate and contact witnesses necessary to re-try the case, some of whom are retired or have changed jobs. The government is also in the process of locating case evidence that would be used in a potential re-trial. Defense counsel will also need additional time to locate discovery and trial evidence and to refresh his memory regarding the issues in the case. The parties will also need time to meet and confer regarding discovery, trial evidence, and a proposed plan for a re-trial.

    c)  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 3, 2022 to June 13, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(e) because it results from counsel for the parties needing to evaluate a re-trial of the vacated conviction, and defense counsel needing time to consult with his client after conducting research and evidence review related to the remanded charges.

///

///

///

///

///

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 4, 2022
PHILLIP A. TALBERT
United States Attorney

/s/ ROBERT J. ARTUZ
ROBERT J. ARTUZ
Assistant United States Attorney

Dated: May 4, 2022
/s/ DOUGLAS BEEVERS
DOUGLAS BEEVERS
Counsel for Defendant
WILLIAM LAMAR BLESSETT

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: May 4, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

3