HEATHER E. WILLIAMS, #122664
Federal Defender
DOUGLAS J. BEEVERS, # 288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

Attorney for Defendant
WILLIAM LAMAR BLESSETT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-cr-33 WBS |
| Plaintiff, | UNOPPOSED MOTION FOR REMOTE (ZOOM) ARRAIGNMENT AND CHANGE OF PLEA |
| v. | UNDER THE CARES ACT |
| WILLIAM LAMAR BLESSETT, | Date: June 13, 2022 |
| Defendant. | Time: 9:00 a.m. |
| | Judge: Hon. William B. Shubb |

Defendant, WILLIAM LAMAR BLESSETT, by and through counsel, the Office of the Federal Public Defenders, moves the Honorable Court to allow the defendant to plead guilty to a newly filed information by remote (zoom) appearance from where he is currently housed at U.S.P. Lewisburg, Pennsylvania.

As grounds for the motion, Defenses states that:

In December 2018, William Lamar Blessett was convicted by a jury of the crime of possession child pornography based on an indictment that had been issued by a grand jury in this district. This Court sentenced Mr. Blessett in 2019, and the Bureau of Prisons selected U.S.P. Lewisburg, Pennsylvania as the location for Mr. Blessett to serve his sentence. In April 2022, the Ninth Circuit reversed Mr. Blessett's conviction on the ground that the jury instructions may have permitted Mr. Blessett to be convicted on an element not presented to the grand jury. In May 2022, Mr. Blessett

met with counsel in U.S.P. Lewisburg and agreed to waive the grand jury issue and to plead guilty to an information which was written to match the jury instructions that were used at trial. Mr. Blessett signed a factual basis which matches the evidence which was presented at trial. See Defense Ex. A.

Mr. Blessett's quick decision to plead guilty and accept responsibility demonstrates that he has grown a lot through his time in prison and by his enthusiastic participation in the psychological counseling program at U.S.P. Lewisburg. Mr. Blessett has a good relationship with his counselor, Dr. Andrea Brockman, and with many of the counseling assistant guards. Mr. Blessett's success in psychological treatment has been ongoing for many months, but Dr. Brockman believes that Mr. Blessett's progress might be disrupted if his treatment is interrupted by a return to the Sacramento County Jail. See Sealed Exhibit C. Dr. Brockman has diagnosed Mr. Blessett with autism disorder, which is a difficult disorder to treat during movement from Pennsylvania to Sacramento. Sacramento County Jail is making efforts to comply with court orders regarding psychiatric services. See Mays Litigation Status Report. Ex. B. Mr. Blessett hopes that the Court would approve the use of zoom remote appearance so that he could avoid being removed from U.S.P. Lewisburg at all. U.S.P. Lewisburg is a facility that has pretrial detainees who appear by remote court for the Middle District of Pennsylvania and the District of Colombia. Defense counsel has been advised by Eastern District of California technical expert Richard Arendt that a zoom court could be set up for the June 13, 2022 status conference to permit a change of plea by zoom. Mr. Blessett also requests remote sentencing, and will ask to be designated to U.S.P. Lewisburg at the time of sentencing.

In addition, Mr. Blessett has not been vaccinated, although he did have COVID, therefore there is still a risk that he could transmit COVID between Pennsylvania and Sacramento. There is a significant risk that Mr. Blessett could contract COVID, as well as transmit it, due different

strains which could further delay his transport and appearance in Court. Due to COVID-19 upsurges, Mr. Blessett cannot be transported to Sacramento for approximately two months. In view of the current COVID-19 pandemic and the Court's General Order 649, the parties agree and request that the change of plea hearing be conducted by videoconference. Mr. Blessett contends that the CARES Act includes risk of both physical harm from COVID-19 and the psychiatric harm from interruption of his psychological treatment.

This request is consistent with the intent of the CARES Act. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."

In order to authorize plea or sentencing hearings by remote means, however, the CARES Act—as implemented by General Order 620—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 620 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties agree that each of the requirements of the CARES Act and General Order 620 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 620. Specifically, for the reasons further set forth below, the parties agree that:

1) The change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice and given the public health restrictions on physical contact; and

2) The defendant waives his physical presence at the hearings (including change of plea and sentencing) and consents to remote hearing by videoconference and counsel joins in that waiver.

Mr. Blessett requests that this Court also conduct the arraignment on the information immediately prior to the change of plea and waiver of indictment, because the 2:00 p.m. magistrate calendar would be impossible to arrange for a zoom hearing from Pennsylvania due to the time zone difference. Alternatively, he requests a zoom initial appearance to be set before the U.S. Magistrate Judge at an earlier time.

The Unites States has no objection to this motion.

DATED: June 7, 2022

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

*/s/ Douglas J. Beevers*
DOUGLAS J. BEEVERS
Assistant Federal Defender
Attorney for WILLIAM BLESSETT