PHILLIP A. TALBERT
United States Attorney
ROBERT J. ARTUZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM LAMAR BLESSETT,<br><br>Defendant. | CASE NO. 2:18-CR-0033 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] ORDER |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. In December 2019, a jury convicted Defendant William Lamar Blessett of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The defendant appealed that conviction. On April 11, 2022, the Ninth Circuit vacated the defendant's jury conviction and remanded it for re-trial. On May 3, 2022, the Ninth Circuit filed its formal mandate, ordering that its judgment entered on April 11, 2022, was now effective. On May 4, the mandate wase filed in this district court case. ECF 98. The Ninth Circuit also affirmed the Court's 24-month prison sentence for the defendant's supervised release violation and revocation, which was based on the same possession offense.

2. Pursuant to a stipulation, the Court set a status conference on June 13, 2022, and excluded time under Section 3161(e) of the Speedy Trial Act through that date so the parties could

prepare for a new trial.

3. On May 16, 2022, the government filed a Superseding Information charging the defendant with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). ECF 102. On May 19, 2022, the defendant signed a plea agreement under which he agreed to plead guilty to the single-count Information.

4. On June 7, 2022, Blessett filed an unopposed motion to schedule a change of plea hearing so that the defendant could plead guilty via video conference from his prison facility at U.S.P. Lewisburg in Pennsylvania. ECF 104. A plea via videoconference would have avoided the defendant's lengthy transport during a time when he would be at risk of contracting or transmitting the COVID-19 virus. On June 7, the Court informed the parties by email that it would not conduct the change of plea hearing via zoom and the defendant would have to be transported to Sacramento to appear in person.

5. By stipulation, the parties now move to vacate the June 13 status conference, set a change of plea hearing on July 25, 2022, and exclude time between June 13 and the scheduled hearing on July 25 under 18 U.S.C. § 3161(e).

6. The parties also agree and stipulate, and request that the Court find the following:

    a) A change of plea hearing shall commence on July 25, 2022, and the status conference is vacated.

    b) Although the defendant has signed a plea agreement, there is still a significant risk that he will not plead guilty on July 25, and the parties may need to proceed to trial.

    c) Given defense counsel's obligations in his other criminal cases, he needs additional time to continue reviewing case materials, consult further with his client, and to conduct investigation and research related to the vacated jury conviction that is now subject to retrial.

    d) Before a trial can commence in Sacramento, the defendant must be transported from Lewisburg, Pennsylvania, where he is a prison inmate, to Sacramento via the United States Marshals Service. This transport could take one to two months given the distance, U.S.M.S. safety protocols, and the risk of the defendant contracting COVID-19. Accordingly, the parties need additional time for this transport because the defendant is a potential witness in his own

trial, and he must be present.

   e) Defense counsel and the government are also still in the process of evaluating a re-trial of the vacated jury conviction, which originally took place over two years ago, including trying to locate and contact witnesses necessary to re-try the case, some of whom are retired or have changed jobs. The government is also still in the process of locating case evidence that would be used in a potential re-trial. Defense counsel will also need additional time to locate discovery and trial evidence and to refresh his memory regarding the issues in the case. The parties will also need time to meet and confer regarding discovery, trial evidence, and a proposed plan for a re-trial.

   f) Defense counsel has also averred that he needs additional time to evaluate the defendant's psychological condition, and this will require additional time for the defense to seek one or mitigation witnesses who may need to testify at trial or during a pretrial hearing.

   g) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Moreover, the current unavailability of witnesses and the above-described factors resulting from passage of time make trial within seventy days impractical.

   h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 13, 2022 to July 25, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(e) for the above-described reasons, including because it results from counsel for the parties needing to evaluate a re-trial of the vacated conviction, and defense counsel needing time to consult with his client after conducting research and evidence review related to the remanded charges.

///
///
///
///
///

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 8, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ ROBERT J. ARTUZ
ROBERT J. ARTUZ
Assistant United States Attorney

Dated: June 8, 2022

/s/ DOUGLAS BEEVERS
DOUGLAS BEEVERS
Counsel for Defendant
WILLIAM LAMAR BLESSETT

### [PROPOSED] ORDER

IT IS SO FOUND AND ORDERED this ____ day of _____, _____.

_____
THE HONORABLE William B. Shubb
UNITED STATES DISTRICT JUDGE