1   PHILLIP A. TALBERT
    United States Attorney
2   ROBERT J. ARTUZ
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916) 554-2700
    Facsimile:  (916) 554-2900
5

6   Attorneys for Plaintiff
    United States of America
7

8                        IN THE UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                    CASE NO.  2:18-CR-0033 KJM

12                        Plaintiff,             AMENDED STIPULATION REGARDING
                                                 SETTING CHANGE OF PLEA HEARING AND
13                        v.                     EXCLUDABLE TIME PERIODS UNDER SPEEDY
                                                 TRIAL ACT; [PROPOSED] ORDER
14  WILLIAM LAMAR BLESSETT,

15                        Defendant.

16

17          This pleading amends and supersedes the parties' earlier filed Stipulation Regarding Excludable

18  Time Periods Under Speedy Trial Act and [Proposed] Order.  ECF 106.

19                                       **STIPULATION**

20          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

21  through defendant's counsel of record, hereby stipulate as follows:

22          1.      In December 2019, a jury convicted Defendant William Lamar Blessett of possessing

23  child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  The defendant appealed that conviction.

24  On April 11, 2022, the Ninth Circuit vacated the defendant's jury conviction and remanded it for re-trial.

25  On May 3, 2022, the Ninth Circuit filed its formal mandate, ordering that its judgment entered on April

26  11, 2022, was now effective.  On May 4, the mandate wase filed in this district court case.  ECF 98.  The

27  Ninth Circuit also affirmed the Court's 24-month prison sentence for the defendant's supervised release

28  violation and revocation, which was based on the same possession offense.

    STIPULATION REGARDING EXCLUDABLE TIME          1
    PERIODS UNDER SPEEDY TRIAL ACT

2.      Pursuant to a stipulation, the Court set a status conference on June 13, 2022, and excluded time under Section 3161(e) of the Speedy Trial Act through that date so the parties could prepare for a new trial.

3.      On May 16, 2022, the government filed a Superseding Information charging the defendant with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  ECF 102.  On May 19, 2022, the defendant signed a plea agreement under which he agreed to plead guilty to the single-count Information.

4.      On June 7, 2022, Blessett filed an unopposed motion to schedule a change of plea hearing so that the defendant could plead guilty via video conference from his prison facility at U.S.P. Lewisburg in Pennsylvania.  ECF 104.  A plea via videoconference would have avoided the defendant's lengthy transport during a time when he would be at risk of contracting or transmitting the COVID-19 virus.  On June 7, Judge Shubb informed the parties by email that it would not conduct the change of plea hearing via zoom and the defendant would have to be transported to Sacramento to appear in person.

5.      On June 8, the Honorable William B. Shubb recused himself from this case and reassigned the case to the Honorable Kimberly J. Mueller.  ECF 107.  On June 14, Judge Mueller granted the defendant's unopposed motion to schedule a change of plea hearing via videoconference on June 27, 2022.  ECF 108.

6.      By stipulation, the parties now move to set an arraignment and change of plea hearing on June 27, 2022, and exclude time between June 13 and the scheduled hearing on July 25 under 18 U.S.C. § 3161(e).

7.      The parties also agree and stipulate, and request that the Court find the following:

        a)      An arraignment and change of plea hearing shall commence on June 27, 2022.

        b)      Although the defendant has signed a plea agreement, there is still a risk that he will not plead guilty on June 27, and the parties may need to proceed to trial.

        c)      Given defense counsel's obligations in his other criminal cases, he needs additional time to continue reviewing case materials, consult further with his client, and to conduct investigation and research related to the vacated jury conviction that is now subject to

1  retrial.

2       d)     Before a trial can commence in Sacramento, the defendant must be transported

3  from Lewisburg, Pennsylvania, where he is a prison inmate, to Sacramento via the United States

4  Marshals Service.  This transport could take one to two months given the distance, U.S.M.S.

5  safety protocols, and the risk of the defendant contracting COVID-19.  Accordingly, if this case

6  must proceed to trial, the parties would need additional time for this transport because the

7  defendant is a potential witness in his own trial, and he must be present.

8       e)     Defense counsel and the government are also still in the process of evaluating a

9  re-trial of the vacated jury conviction, which originally took place over two years ago, including

10 trying to locate and contact witnesses necessary to re-try the case, some of whom are retired or

11 have changed jobs.  The government is also still in the process of locating case evidence that

12 would be used in a potential re-trial.  Defense counsel will also need additional time to locate

13 discovery and trial evidence and to refresh his memory regarding the issues in the case.  The

14 parties will also need time to meet and confer regarding discovery, trial evidence, and a proposed

15 plan for a re-trial.

16      f)     Defense counsel has also averred that he needs additional time to evaluate the

17 defendant's psychological condition, and this will require additional time for the defense to seek

18 one or mitigation witnesses who may need to testify at trial or during a pretrial hearing.

19      g)     Counsel for defendant believes that failure to grant the above-requested

20 continuance would deny him the reasonable time necessary for effective preparation, taking into

21 account the exercise of due diligence.  Moreover, the current unavailability of witnesses and the

22 above-described factors resulting from passage of time make trial within seventy days

23 impractical.

24      h)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

25 et seq., within which trial must commence, the time period of June 13, 2022 to June 27, 2022,

26 inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(e) for the above-described reasons,

27 including because it results from counsel for the parties needing to evaluate a re-trial of the

28 vacated conviction, and defense counsel needing time to consult with his client after conducting

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

research and evidence review related to the remanded charges.

8.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  June 14, 2022                    PHILLIP A. TALBERT
                                         United States Attorney


                                         /s/ ROBERT J. ARTUZ
                                         ROBERT J. ARTUZ
                                         Assistant United States Attorney


Dated:  June 14, 2022                    /s/ DOUGLAS BEEVERS
                                         DOUGLAS BEEVERS
                                         Counsel for Defendant
                                         WILLIAM LAMAR BLESSETT


### [PROPOSED] ORDER

IT IS SO FOUND AND ORDERED this _____ day of _____, _____.


                                         _____
                                         THE HONORABLE Kimberly J. Mueller
                                         UNITED STATES DISTRICT JUDGE


STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4