PHILLIP A. TALBERT
United States Attorney
ROBERT J. ARTUZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM LAMAR BLESSETT,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:18-CR-0033 KJM<br><br>STIPULATION REGARDING CHANGE OF PLEA HEARING AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: July 11, 2022<br>TIME: 9:00 am<br>COURT: Hon. Kimberly J. Mueller |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.　　In December 2019, a jury convicted Defendant William Lamar Blessett of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The defendant appealed that conviction. On April 11, 2022, the Ninth Circuit vacated the defendant's jury conviction and remanded it for re-trial. On May 3, 2022, the Ninth Circuit filed its formal mandate, ordering that its judgment entered on April 11, 2022, was now effective. On May 4, the mandate wase filed in this district court case. ECF 98. The Ninth Circuit also affirmed the Court's 24-month prison sentence for the defendant's supervised release violation and revocation, which was based on the same possession offense.

2.　　Pursuant to a stipulation, the Court set a status conference on June 13, 2022, and excluded time under Section 3161(e) of the Speedy Trial Act through that date so the parties could

1 prepare for a new trial.

2     3. On May 16, 2022, the government filed a Superseding Information charging the defendant with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). ECF 102. On May 19, 2022, the defendant signed a plea agreement under which he agreed to plead guilty to the single-count Information.

    4. On June 7, 2022, Blessett filed an unopposed motion to schedule a change of plea hearing so that the defendant could plead guilty via video conference from his prison facility at U.S.P. Lewisburg in Pennsylvania. ECF 104. On June 7, Judge Shubb informed the parties by email that it would not conduct the change of plea hearing via zoom and the defendant would have to be transported to Sacramento to appear in person.

    5. On June 8, the Honorable William B. Shubb recused himself from this case and reassigned the case to the Honorable Kimberly J. Mueller. ECF 107. On June 14, Judge Mueller granted the defendant's unopposed motion to schedule a change of plea hearing via videoconference on June 27, 2022. ECF 108.

    6. On June 16, the Court set a change of plea hearing on June 27, 2022, via videoconference, based on the parties' stipulated request. ECF 112. On June 27, the defendant refused to appear for the change of plea hearing without the presence of a specific staff psychologist where he is incarcerated. The staff psychologist was on leave at the time of the hearing. On July 11, the government and the defendant appeared for the change of plea hearing, but defense counsel was unable to connect via Zoom due to technical difficulties. During the hearing, the parties agreed to continue the hearing and exclude time under the Speedy Trial Act.

    7. By stipulation, the parties now move to continue the change of plea hearing to August 1, 2022, and exclude time between June 27 and the scheduled hearing on August 1 under 18 U.S.C. § 3161(e).

    8. The parties also agree and stipulate, and request that the Court find the following:

        a) An arraignment and change of plea hearing shall commence on August 1, 2022.

        b) Although the defendant has signed a plea agreement, there is still a risk that he will not plead guilty on August 1, and the parties may need to proceed to trial.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

c) Given defense counsel's obligations in his other criminal cases, he needs additional time to continue reviewing case materials, consult further with his client, and to conduct investigation and research related to the vacated jury conviction that is now subject to retrial.

d) Before a trial can commence in Sacramento, the defendant must be transported from Lewisburg, Pennsylvania, where he is a prison inmate, to Sacramento via the United States Marshals Service. This transport could take one to two months given the distance, U.S.M.S. safety protocols, and the risk of the defendant contracting COVID-19. Accordingly, if this case must proceed to trial, the parties would need additional time for this transport because the defendant is a potential witness in his own trial, and he must be present.

e) Defense counsel and the government are also still in the process of evaluating a re-trial of the vacated jury conviction, which originally took place over two years ago, including trying to locate and contact witnesses necessary to re-try the case, some of whom are retired or have changed jobs. The government is also still in the process of locating case evidence that would be used in a potential re-trial. Defense counsel will also need additional time to locate discovery and trial evidence and to refresh his memory regarding the issues in the case. The parties will also need time to meet and confer regarding discovery, trial evidence, and a proposed plan for a re-trial.

f) Defense counsel has also averred that he needs additional time to evaluate the defendant's psychological condition, and this will require additional time for the defense to seek one or mitigation witnesses who may need to testify at trial or during a pretrial hearing.

g) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Moreover, the current unavailability of witnesses and the above-described factors resulting from passage of time make trial within seventy days impractical.

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 11, 2022 to August 1, 2022,

inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(e) for the above-described reasons, including because it results from counsel for the parties needing to evaluate a re-trial of the vacated conviction, and defense counsel needing time to consult with his client after conducting research and evidence review related to the remanded charges.

9. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: July 11, 2022          PHILLIP A. TALBERT
                              United States Attorney

                              /s/ ROBERT J. ARTUZ
                              ROBERT J. ARTUZ
                              Assistant United States Attorney

Dated: July 11, 2022          /s/ DOUGLAS BEEVERS
                              DOUGLAS BEEVERS
                              Counsel for Defendant
                              WILLIAM LAMAR BLESSETT

**ORDER**

IT IS SO FOUND AND ORDERED this 12th day of July, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE