PHILLIP A. TALBERT
United States Attorney
ROBERT J. ARTUZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-0033 WBS |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| WILLIAM LAMAR BLESSETT, | |
| Defendant. | |

## I. INTRODUCTION

**A.   Scope of Agreement.**

The Information in this case charges the defendant with a violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) – knowing possession of a visual depiction of a prepubescent minor or a minor who has not attained 12 years of age engaging in sexually explicit conduct, following a prior conviction for a violation of 18 U.S.C. § 2252(a)(4)(B). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. No modification of this plea agreement shall be effective unless it is in writing and signed by all parties. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

///

PLEA AGREEMENT                                                1

B. **Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.    DEFENDANT'S OBLIGATIONS

A. **Guilty Plea.**

The defendant will plead guilty to a violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) – knowing possession of a visual depiction of a prepubescent minor or a minor who has not attained 12 years of age engaging in sexually explicit conduct, following a prior conviction for a violation of 18 U.S.C. § 2252(a)(4)(B). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this plea agreement, including the factual admissions set forth in the Factual Basis for Plea attached hereto as Exhibit A, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this plea agreement generally.

1. Waiver of Indictment:

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed. R. Crim. P. 7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges set forth in the information. The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

2. Remand.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2), and he agrees that he will remain in custody upon the entry of his plea.

**B.  Restitution.**

The defendant agrees the conduct to which he is pleading guilty requires him to pay mandatory restitution to the victims under 18 U.S.C. § 2259. Given that the Court did not award restitution to any victims during the September 2019 judgment and sentencing in this case, see Docket Nos. 83–84, the government agrees that it will not seek or recommend restitution during re-sentencing.

**C.  Fine.**

The parties agree that a fine is not appropriate in this case.

**D.  Special Assessments.**

The defendant agrees to pay a special assessment as ordered by the Court at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant agrees that this special assessment will include:

1. A mandatory special assessment of $100 under 18 U.S.C. § 3013; and
2. A mandatory special assessment of $5,000 under 18 U.S.C. § 3014 if the Court determines that the defendant is a non-indigent person for purposes of 18 U.S.C. § 3014.

If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary, by participating in the Inmate Financial Responsibility Program.

E.  **Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void this plea agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engaging in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. If the defendant violates this plea agreement in any way, the government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

PLEA AGREEMENT                                4

whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F. **Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253. Those assets include, but are not limited to, the following:

1. Intel Nextbook (IMEI: 359617050754);
2. LG cellphone Model LGMS428 (IMEI 358479074822952);
3. LG cellphone Model LGMS330 (IMEI 357885073094503);
4. Apple iPhone Model A1661 (S/N C39SR0FUHFY4);
5. Apple iPad Model A1674 (S/N DMPRH5KPGXQO);
6. HP laptop (S/N CND6437FVS); and
7. Five AT&T UVerse modems.

The defendant agrees that the listed asset constitutes property involved in a violation of 18 U.S.C. § 2252(a)(4)(B).

The defendant agrees to fully assist the government in the forfeiture of the listed asset and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his asset(s), including but not limited to, the above-listed asset.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of

PLEA AGREEMENT                                5

assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### III.   THE GOVERNMENT'S OBLIGATIONS

#### A.   Dismissals/Other Charges.

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A, except if this plea agreement is voided as set forth in this plea agreement generally, or as specifically provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea), VI.B (Stipulated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

#### B.   Recommendations.

##### 1.   Incarceration Range.

The government will recommend that the defendant be sentenced within the applicable guideline range (including the application of the mandatory statutory minimum term) as determined by the Court.

##### 2.   Acceptance of Responsibility.

The government will recommend a two-level reduction in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

#### C.   Use of Information for Sentencing.

The government is free to provide full and accurate information relevant to the charged offenses and relevant conduct to the Court and Probation, including Victim Impact Statements, and answering

any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.  ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Knowing Possession of Visual Depiction of a Minor Engaging in Sexually Explicit Conduct:

Elements (from Ninth Circuit model criminal jury instruction 20.23):

- First, that the defendant knowingly possessed matters that the defendant knew contained a visual depiction of [a] minor[s] engaged in sexually explicit conduct;
- Second, the defendant knew the visual depiction contained in the matter was of / showed [a] minor[s] engaged in sexually explicit conduct;
- Third, the defendant knew that production of such [a] visual depiction[s] involved use of a minor in sexually explicit conduct; and
- Fourth, that the visual depiction had been
  - mailed, shipped, or transported using any means or facility of interstate commerce in or affecting interstate commerce

  or

  - produced using material that had been mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means including by computer.

Under 18 U.S.C. § 2252(b)(2), the government would also have to prove that at least one or more depictions involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

///

///

PLEA AGREEMENT                                       7

## V. MAXIMUM SENTENCE

### A. Maximum Penalty.

The maximum sentence that the Court can impose is 20 years of incarceration, a fine of $250,000, a lifetime of supervised release and special assessments of $100, and an additional special assessment of $5,000 if the defendant is non-indigent. The mandatory minimum sentence that the Court can impose is 10 years of incarceration. Additionally, conviction on the count charged in the information carries a mandatory minimum of 5 years of supervised release.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years imprisonment.

In certain circumstances, if the defendant is required to register as a sex offender and then commits certain other federal sex offenses, the court may revoke the defendant's supervised release and impose a sentence of incarcerate of at least 5 years. The Supreme Court has held that such a revocation requires a finding by a jury, however, not by a judge.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists

an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Stipulations Affecting Guideline Calculation.

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. Base Offense Level: 18 (2G2.2(a)(1))
2. Specific Offense Characteristics:
   - Pre-pubescent minor(s): +2 (2G2.2(b)(2))
   - Material that portrays sadistic or masochistic conduct or other depictions of violence, or portrays sexual abuse or exploitation of an infant or toddler: +4 (2G2.2(b)(4)(A) & (B))
   - Use of multiple electronic devices: +2 (2G2.2(b)(6))
   - Over 1,000 child pornographic images: +5 (2G2.2(b)(7)(B))
3. Adjusted Offense Level: 31
4. Acceptance of Responsibility: See paragraph III.B.2 above
5. Criminal History: The parties have reached no agreement regarding the defendant's criminal history.

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines.

The defendant is free to move for, and argue in support of, a variance pursuant to 18 U.S.C. § 3553(a) and recommend to the Court any sentence that is not less than the mandatory minimum of 10 years' incarceration.

///
///

PLEA AGREEMENT   9

## VII.   WAIVERS

### A.   Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.   Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution or special assessment the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

PLEA AGREEMENT                                  10

federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements California Penal Code § 290. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///
///
///
///
///
///
///

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

C. **Waiver of Attorneys' Fees and Costs.**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

D. **Impact of Plea on Defendant's Immigration Status.**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States or is a naturalized citizen. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, if the defendant is not a United States citizen, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

E. **Sex Offender Registration.**

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to

PLEA AGREEMENT                                11

### IX. APPROVALS AND SIGNATURES

**A.** **Defense Counsel:**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 5/19/2022

_____
DOUGLAS BEEVERS
Attorney for Defendant

**B.** **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: May 19, 2022

_____
WILLIAM LAMAR BLESSETT
Defendant

**C.** **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: June 21, 2022

PHILLIP A. TALBERT
United States Attorney

_____
ROBERT J. ARTUZ
Assistant United States Attorney

PLEA AGREEMENT                                13

EXHIBIT "A" – Factual Basis for Plea

Between in or about April 2017 and October 2017, in the Eastern District of California, the defendant, WILLIAM LAMAR BLESSETT, knowingly and intentionally possessed visual depictions of minors, including pre-pubescent minors, engaging in sexually explicit conduct (as defined in 18 U.S.C. § 2256). Defendant has a prior conviction in this district for violating 18 U.S.C. § 2252(a)(4)(B) (No. 2:06-CR-00389 (E.D. Cal.)) in which judgment was entered on October 8, 2008. Defendant was on federal supervised release when he committed this offense.

In April 2017, Dropbox Inc. reported to law enforcement that a Dropbox online storage account owned by BLESSETT (identified by email account 71upyours@gmail) contained images and videos of suspected child pornography. Federal agents obtained a warrant, searched BLESSETT's Dropbox account, and identified over 100 images and videos of child pornography depicting minors engaged in sexually explicit conduct. BLESSETT downloaded these images and videos from various websites using the Internet and stored them in his Dropbox account. He also knowingly possessed these visual depictions on a computer in Sacramento County, California. One of the images (Photo Feb 07, 11 05 15 PM) is a color image of a 6 to 8-year-old naked boy. There is an adult male wearing only a t-shirt, lying on his back with an erect penis. The adult is holding up the child and it appears the man's erect penis is inside the child's buttocks. Another image (Photo Feb 02, 11 30 04 PM) is a collage of about 65 images depicting child pornography on a green background, with children as young as approximately 6 months old to approximately 10 years old. These visual depictions of child pornography, which were stored in Blessett's Dropbox account, were transported (e.g., copied) to the account using a means and facility of interstate commerce including the Internet, which also affected interstate commerce.

In October 2017, federal agents searched via a warrant BLESSETT's residence in Sacramento County, California. They seized the following electronic devices from the residence: (1) HP laptop (S/N CND6437FVS), (2) Intel Nextbook Tablet (IMEI: 359617050754), (3) LG cellphone Model LGMS428 (IMEI 358479074822952), (4) Apple iPhone Model A1661 (S/N C39SR0FUHFY4), and Apple iPad Model A1674 (S/N DMPRH5KPGXQO). BLESSETT owned, operated, and possessed these devices. Collectively, stored on these devices, BLESSETT knowingly possessed over 1,200 child pornography images depicting minors engaged in sexually explicit conduct. On the iPhone, the defendant possessed an image with the filename 5005_395.JPG (463). This image depicts two naked prepubescent boys approximately 10 years of age. One of the boys has his mouth on the other boy's penis as if performing oral copulation. Also on the iPhone, the defendant possessed a video approximately one minute in length with the filename IMG_0365.mp4. This video depicts a prepubescent boy with and an adult male. The adult's erect penis appears to touch the anus of the child as if to perform anal intercourse. These visual depictions of child pornography, which were stored on one or more of BLESSETT's five electronic devices, where copied onto the devices using material that had been mailed, shipped, or transported in interstate commerce, wherein such copying affected interstate commerce.

BLESSETT also knowingly possessed child pornographic images that displays sadistic or masochistic conduct or other depictions of violence. One image (0244.jpg on BLESSETT's HP laptop) displays a naked prepubescent boy under 12 years of age. The boy's penis is exposed. The boy's ankles are bound with white rope. A black ball appears to be in the boy's mouth secured by a black strap that appears to wrap around his head. BLESSETT also possessed child pornographic videos (e.g., Upgraded.mp4 in his Dropbox account) that displays the sexual abuse of a vulnerable victim, including a toddler. BLESSETT knew or should have known the victim of the offense was a vulnerable victim.

I have reviewed the entire factual basis in Exhibit A above, and as far as my own conduct is concerned, I adopt it as my own statement.

Date: May 19, 2022

Defendant, William Lamare Blessett